## FITZGERALD v. BOYLE et al.

No. 3479.   Decided November 29, 1920.   (193 Pac. 1109.)

1. VENDOR AND PURCHASER—ON ACCEPTANCE, OPTION NOT BASED ON CONSIDERATION BECOMES BINDING. Though an option was supported by no consideration and had no efficacy greater than a continuing offer, which might be withdrawn at any time before acceptance, it becomes binding upon acceptance prior to withdrawal.

2. VENDOR AND PURCHASER—TENDER OF FIRST INSTALLMENT PAYMENT SUFFICIENT WITHOUT PROVISION FOR SECURITY. A contract for the purchase of lands, payment to be made in installments, though making no provision for securing deferred installments, is enforceable where there was nothing to show that the purchaser was not entirely responsible and there was nothing to indicate it was inequitable, so that a tender of merely the first installment payment is not insufficient because not accompanied by such security.

3. BROKERS—CONTRACT HELD TO AUTHORIZE BROKER TO EITHER SELL OR PURCHASE HIMSELF. A contract, giving plaintiff, a broker, an option to purchase lands on deferred payments, a stipulated commission to be paid, held, in view of the provisions as to finding purchaser, to give plaintiff the right either to sell the property as a broker or purchase the same himself.

4.  BROKERS—BROKER MAY PURCHASE FOR HIMSELF FROM OWNER,
    WHERE OWNER KNOWS THE FACTS. Agreement by a broker
    with an owner, giving the broker the right to sell on commis-
    sion, and also giving him the right to purchase the property
    for himself, was not within the rule forbidding a broker buy-
    ing from or selling to an employer, as the owner, by volun-
    tarily signing the contract, must know that it provides for the
    broker's purchase for himself.[1]

5.  BROKERS—BROKER AUTHORIZED TO PURCHASE HIMSELF IS EN-
    TITLÉD TO COMMISSION IN THAT EVENT. Where a contract gave
    a broker an option to purchase himself or to find a purchaser,
    he is, on purchasing property himself, entitled to deduct the
    agreed commission, just as if he had negotiated a sale to third
    person.

6.  PLEADING—DEMURRER ADMITS AVERMENTS WELL PLEADED. A
    demurrer admits the truth of all averments well pleaded.

Appeal from District Court, Sixth District, Sevier County;
*J. D. Call*, Judge.

Action by W. D. Fitzgerald, doing business under the name
Sevier Real Estate Agency, against Margaret Boyle and
another. From a judgment of dismissal, plaintiff appeals.

REVERSED and REMANDED.

*N. J. Bates*, of Richfield, and *Dey, Hoppaugh & Mark*, of
Salt Lake City, for appellant.

*J. H. Erickson*, of Richfield, for respondents.

WEBER, J.

Defendants' general demurrer to plaintiff's complaint hav-
ing been sustained, and plaintiff not desiring to amend, this
action was dismissed. Plaintiff appeals from the judgment
of dismissal. The only question is whether the facts stated

---

[1] *Burt* v. *Stringfellow*, 45 Utah, 207, 143 Pac. 234; *Neighbor* v.
*Realty Assoc.*, 40 Utah, 619, 124 Pac. 523.

in the complaint are sufficient to constitute a cause of action.

The allegations of the complaint are, in substance: That plaintiff is engaged in the business of buying and selling real estate in Richfield, Utah, under the name of Sevier Real Estate Agency. That defendants at all times mentioned were the owners of certain premises in Richfield, Utah. That on August 9, 1918, defendants made and delivered to plaintiff an agreement in writing for the sale of said lands, as follows:

"Know, all men by these presents that Margaret Boyle of Richfield, Sevier county, state of Utah, the first party, in consideration of the undertaking on the part of the Sevier Real Estate Agency, the second party, to find a customer to purchase herein described property.

"The first party hereby gives and grants unto the second party or its assigns, the sole option and right to purchase, at any time during one year from date, the described premises for the purchase price of three thousand and no/100 dollars; terms, $60.00 monthly until fully paid with 8 per cent. interest per annum on deferred payments to be paid to the first party at the office of the second party, Richfield, Utah, upon the exercise of this option.

"The first party agrees to deliver to the second party a certified abstract of title showing title in fee simple, together with a good and sufficient deed conveying the title in fee to the second party or its assigns, at any time it is requested, before this option or term shall expire.

"The first party agrees to pay second party 7 per cent. of the sale price as commission at the time a sale is consummated.

"The term 'customer' as used herein is interpreted to mean any one whom the second party shall have interested, either directly or indirectly.

"The first party agrees that this option shall not terminate until the expiration of ten days' written notice to the second party, or its assigns.

Description of Property.

"One-half of one full lot, together with improvements (two houses) and all appurtenances thereon located on the S. W. corner of the intersection of Third, East and First South streets, Richfield, Utah, being 107¼ feet by 214½ feet.

"Water right, City irrigation."

The complaint further alleges that under the terms of said agreement plaintiff became bound upon the exercise of his option to pay to defendants the sum of $2,790.00 in monthly installments of $60, together with 8 per cent. interest

on deferred payments; that thereafter, on or about the 31st day of July, 1919, plaintiff duly exercised his option to purchase said premises; that he so notified defendants and tendered them the first installment of $60, and demanded that defendants execute and deliver to him a deed conveying the title in fee to him, but that defendants then and there and ever since have refused to accept the money so tendered and refused, and ever since have refused to execute and deliver to plaintiff a deed for the premises; that plaintiff is, and at all times mentioned has been ready, able, and willing to perform said agreement and now comes into court and offers to pay to defendants all the moneys due them under the terms of said contract and to secure to the defendants under the contract the payment of the installments to become due hereafter; that by reason of the refusal of defendants to convey said premises plaintiff has been damaged in the sum of $500.

The first objection to the complaint is that no consideration passed from plaintiff to defendants in payment of the purported option. The written agreement was without consideration, and no obligation was imposed upon the signers unless before withdrawal by them it was accepted by plaintiff according to its terms. Not being supported by a consideration, the option had no greater efficacy than a continuing offer. 6 R. C. L. p. 603, par. 25. So long as the offer has been neither accepted nor rejected, the negotiation remains open, and imposes no obligation on either party. The one may decline to accept or the other may withdraw his offer, but when the offer is accepted according to its terms, it becomes a binding contract. When the plaintiff notified defendants of his election to exercise his option and tendered the first installment of the purchase price under the terms of the contract, and demanded that defendants comply with their agreement, what had before been a mere offer in writing became a contract binding upon both parties and enforceable by either. 36 Cyc. 624.

It is argued by counsel for defendants that because the complaint contains no allegation that an offer to secure the

deferred payments was made at the time the $60 was tendered and a deed demanded, a sufficient tender is not pleaded. The complaint pleads notification to defendants of plaintiff's election to accept the offer or exercise his option, tender of the first payment of $60, demand for a deed conveying the premises described in the agreement, and the refusal by defendants to accept the money so tendered and refusal to execute and deliver any deed to the premises. It is not alleged in the complaint that security for the deferred payments was tendered prior to the time the complaint was filed in court. The purchase price is $3,000, payable in monthly installments of $60 per month until fully paid, with 8 per cent. interest per annum on deferred payments. No security is mentioned in the contract, and none seems to have been contemplated by the parties when the written offer was executed and delivered. Defendants may have had such faith in plaintiff's integrity and in his ability to pay that they desired no security, and if defendants intentionally entered into such a contract it is not for courts          **2** to change their contract nor to refuse enforcement unless it be unfair or in equitable. It cannot be said from the contract itself that it is unfair in its terms. One can readily perceive how plaintiff may have such high standing in the community that those dealing with him would be satisfied with his simple word of honor, and that they might prefer that to a bond or other security. If the contract is not fair and equitable under the facts and circumstances surrounding the transaction, that is an issue raisable by answer, and not one that can in the present case be determined by a general demurrer to the complaint.

In support of the demurrer it is further contended that—

"the agreement, if anything at all, is only a contract for the employment of a broker upon commission, and is not an option to purchase, and that a broker who sells property for another, or to find a customer to purchase real estate for another, cannot, under such a contract, become the purchaser himself."

Taking the contract as a whole and giving effect to all of its provisions, we are unable to avoid the conclusion that the

intention of the parties clearly was to give plaintiff a right to sell on commission, and also, at the same time, to give him the right to purchase for himself. If such was not the intention, why say, ''In consideration of the undertaking on the part of the Sevier Real Estate Agency to find a customer,'' and why say, ''The first party hereby gives and grants unto the second party or its assigns, the sole option and right to purchase''? Such an agreement is not within the rule forbidding a broker from buying from or selling to an employer because defendants, with full knowledge of all the facts, signed the agreement and must have known that the contract provided for purchase by the plaintiff himself and selling by him to purchasers.

In *Burt* v. *Stringfellow,* 45 Utah, 207, 143 Pac. 234, Mr. Justice Frick said:

"It is also a well-established doctrine that one and the same person may enjoy the privilege of purchasing, and at the same time have the right of selling on commission either personal or real property. See cases referred to in the case of *Neighbor* v. *Realty Ass'n,* 40 Utah, 619, 124 Pac. 523."

The remaining question is whether plaintiff was entitled to a commission when he himself became the purchaser. If he had procured a customer who had purchased, plaintiff would have been entitled to a commission, and defendants would have received the $3,000, less the commission. They are in exactly the position financially that they would have occupied in case of any other sale made for them by plaintiff, and that thought may explain why the agreement provided for a commission in the event of either purchase or sale. What was said on this subject in *Burt* v. *Stringfellow, supra,* is applicable here:

"It seems to us that it was the intention of all the parties to the contract in question to grant the appellant a fixed time within which he had the exclusive right either to purchase or sell the property at the price stipulated in the contract, and if he did either he was to receive 5 per cent. of the selling price as a commission."

It will be observed that plaintiff deducts all of his com-

mission from the purchase price. It seems that the fair thing to do would be to deduct the commission as payments were made, but in the complaint it is alleged that the total amount to be paid defendants is $2,790, being equivalent to an allegation that the commission was first to be deducted from the purchase price. For the purpose of disposing of the demurrer, the allegations of the complaint must be accepted as true, and the complaint is therefore not vulnerable to the objection last mentioned.

Our conclusion is that the complaint states a cause of action, and that the district court erred in sustaining the demurrer. The judgment is therefore reversed, with costs, and the cause is remanded to the trial court for further proceedings.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.